944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Maria R. SALAZAR, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7035.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs (Secretary) moves to dismiss Maria R. Salazar's petition for review for lack of jurisdiction. Salazar has not filed a response. At the court's request, the Secretary filed a supplemental response in support of his motion to dismiss.
 
 
 2
 Salazar is a Philippine citizen who applied for death benefits from the Department of Veterans Affairs (VA)[1] in 1970, as the unremarried widow of a deceased veteran. In 1973, the VA denied Salazar's application on the ground that Salazar had forfeited her rights to such benefits because she had presented materially false or fraudulent statements to the VA in support of her claim for death benefits. The VA notified Salazar of its denial and her right to appeal the decision to the Board of Veterans Appeals. However, Salazar did not appeal the decision. Now, nearly 20 years later, Salazar has filed a petition for review in this court.
 
 
 3
 Direct review by this court of VA decisions concerning benefits furnished to veterans, their dependents, or their survivors is generally precluded by statute. However, this court does have jurisdiction under 38 U.S.C. § 223 to review challenges to agency rules, regulations, or policies. Section 223(a) and (b) make the publication requirements and the notice and comment rulemaking requirements of the Administrative Procedure Act applicable to the VA. See 5 U.S.C. § 552(a)(1); 5 U.S.C. § 553. Section 223(c) authorizes judicial review of certain VA actions relating to the publication, notice and comment provisions.[1]
 
 
 4
 The Secretary moves to dismiss Salazar's petition arguing that Salazar is essentially "challenging the factual determination that she forfeited any claim she may have had for death benefits", and thus, that the court is without jurisdiction to review her petition. The Secretary also argues that Salazar is not challenging "an action of the [Secretary]" because she is challenging a statute, an act of Congress, rather than a VA rule, regulation or policy.
 
 
 5
 In response to the question on the informal brief form, "[w]hat regulations, if any, of the Secretary of Veterans Affairs do you want reviewed by this court?", Salazar responds:
 
 
 6
 Public Law 91-376 and implementing VA regulations. The U.S. Constitution forbids discrimination and upholds equality among all men. Also Title 38 USC, which discriminates Philippine forfeiture cases and those cases which are administratively under the jurisdiction of VA Regional Offices in the United States, because there are no remission of forfeiture cases for offenses committed in the Philippines, while there are remission of forfeiture cases committed in the United States. The Code of Federal Regulations, VA regulations, and Title 38, U.S.Code, as currently worded and implemented are definitely unconstitutional, although the surviving widows of those in the Philippines and those in the United States when their respective offenses were committed SHOULD BE EQUAL UNDER THE LAW, since either or both classes of widows cannot be lawfully deemed superior over the other. Furthermore, PL 91-376 allowed Philippine widow cases to be entitled to restoration of their benefits from the VA.
 
 
 7
 Salazar's petition[2] and informal brief appear to present a constitutional challenge to the VA forfeiture statute, 38 U.S.C. § 3503. Although she does not identify them specifically, Salazar also purports to challenge the VA regulations "implementing" the forfeiture statute.
 
 
 8
 However, Salazar has not challenged an "action of the Secretary to which section 552(a)(1) or 553 of title 5 refers," i.e., she has not alleged that any VA rule or regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the laws concerning publication or notice and comment rulemaking. 38 U.S.C. § 223(c). Thus, Salazar has not shown her case falls under the "narrow review provisions of section 223." Hilario v. Secretary, Department of Veterans Affairs, No. 90-7003, slip op. at 5 (June 10, 1991).
 
 
 9
 Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal".[3] But Salazar must demonstrate that this court has jurisdiction over her claim. Salazar has not made such a showing.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 The Secretary's motion to dismiss is granted.
 
 
 
 [1]
 The Department of Veterans Affairs Act, Pub.L. No. 100-527, 102 Stat. 2635 (1988) redesignated the former Veterans' Administration as the cabinet-level Department of Veterans Affairs. In this order, "VA" refers to both the former and present agencies. See id. at § 10, 102 Stat. 2640
 
 
 [1]
 Subsection (c) provides in relevant part:
 An action of the [Secretary] to which section 552(a)(1) or 553 of title 5 (or both) refers ... is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit.
 
 
 [2]
 Salazar's petition states:
 There exists a continuing injustice in the administration of VA (Department of Veterans Affairs) benefits because Remission of Forfeiture in the Philippines is denied under Title 38, U.S.Code up to this time, but is NOT in the U.S. of America, for all cases of offenses against VA Code of Federal Regulations and Title 38, U.S.C. The existence of this discriminatory provision of Title 38, U.S.Code is unconstitutional, and I respectfully request that it be declared as such under the Administrative Procedures Act ...
 
 
 [3]
 Hilario, slip op. at 6